UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-21712-CIV-MARTINEZ-OTAZO-REYES

CARLOS YELA,

    Plaintiff,

vs.

TRENDING MEDIA GROUP, INC., et al.,

    Defendants.
_____/

## ORDER DENYING AMENDED MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants, Trending Media Group, Inc., and Jolie Plastic Surgery, Inc.'s Verified Amended Motion to Dismiss (hereafter "Motion" or "Motion to Dismiss"), [ECF No. 51]. The Court has reviewed the Motion, Plaintiff's Response in Opposition thereto, and the pertinent portions of the record. Being duly advised in the premises, and after careful consideration, the Court denies Defendants' Motion to Dismiss.

### I.   Background

In March of 2019, Plaintiff Carlos Yela brought this action in state court. Plaintiff alleges he was jointly employed by Defendants Trending and Jolie (collectively "Defendants") and that Defendants violated his rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et. seq.* Specifically, Plaintiff alleges Defendants failed to pay for overtime hours worked and deducted thirty-minute lunch breaks from his pay without his consent.

Defendants filed this joint Amended Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over the case due to Plaintiff's failure to properly establish coverage under the FLSA.

**II.     Discussion**

At the outset, it is noted that though Defendants purport to bring the Motion to Dismiss under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Motion nonetheless centers entirely on whether Plaintiff established either individual or enterprise coverage under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 201–209. The Motion does not differentiate its arguments under each respective standard.[1] The Court finds that under either standard, dismissal is inappropriate.

A. *Subject Matter Jurisdiction under Rule 12(b)(1)*

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either "facial" or "factual." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). When a defendant properly raises a factual challenge to subject matter jurisdiction under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue." *Id.* at 925 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Indeed, when resolving a factual attack, the Court may look beyond the four corners of the complaint and consider extrinsic evidence. *Id.*; *see also Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).

A district court, however, "should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). If the jurisdictional challenge does implicate the merits of the underlying claims, then the district

---

[1] As discussed more fully below, this may be a reflection of the fact that the issue of enterprise coverage is intertwined with the merits of Plaintiff's claim, and therefore, inappropriately decided at the motion to dismiss stage under Rule 12(b)(1).

court should "find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* "[J]urisdiction becomes intertwined with the merits of a cause of action when 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Id.* at 926 (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 139–40 (9th Cir.1983)).

The Eleventh Circuit has not decided whether enterprise coverage is a jurisdictional prerequisite. *See Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882 n.5 (11th Cir. 2008).[2] It has, however, squarely determined that "the question of enterprise coverage is [] intertwined with the merits of an FLSA claim." *Id.* at 882 ("In short, the sections of the FLSA that provide the substantive relief, §§ 206 and 207, are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA, § 203."). Accordingly, in *Turcios*, the Eleventh Circuit found that the district court erred in applying the Rule 12(b)(1) standard and remanded the case "to resolve the motion applying the standards applicable under Rule 56." *Id.* at 883.

Here, as in *Turcios*, engaging in a Rule 12(b)(1) analysis at this stage of the proceedings is premature. Accordingly, the Court may address the issue applying the Rule 56 standard at the summary judgment stage.[3] *See Lawrence*, 919 F.2d at 1530.

B. <u>Failure to State a Claim Rule 12(b)(6)</u>

Insofar as Defendants request relief under Rule 12(b)(6), that relief is similarly denied. For one, and as previously stated, the Court may address the coverage issue in this case at the summary judgment stage. Likewise, to the extent that Defendants assert that Plaintiff is unable to establish enterprise coverage, that contention is based upon a corporate tax return appended to the Motion

---

[2] *See also Rodriguez v. Diego's Restaurant, Inc.*, 619 F. Supp. 2d 1345, 1350–51 (S.D. Fla. 2009) (extending *Turcios* and finding that the individual or enterprise coverage prongs are **not** jurisdictional).

[3] Summary judgment motions have been filed and will be addressed by separate order of the Court.

to Dismiss as "Exhibit B"—a document the Court cannot consider on a motion to dismiss pursuant to Rule 12(b)(6). *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) (holding that at the motion to dismiss stage, the Court cannot look beyond the four corners of the complaint); *see also Sanchez v. A & APerez Trucking, Inc.*, No. 16-81740-CIV-MARRA/MATTHEWMAN, 2017 WL 529302, at *2 (S.D. Fla. Feb. 8, 2017) (denying FLSA motion to dismiss under Rule 12(b)(6) where arguments were based upon defendant's affidavit regarding enterprise coverage).

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Defendants Trending Media Group, Inc., and Jolie Plastic Surgery, Inc.'s Verified Amended Motion to Dismiss, [ECF No. 51], is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this 10th day of September 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Otazo-Reyes